[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2006
THOMAS K. KAHN
CLERK

No. 05-11625
Non-Argument Calendar

_____

D. C. Docket No. 03-00292-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE EMILIO FLORES,
a.k.a. Juvenal Puledo Rojo,
a.k.a. Viejo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 27, 2006)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Juan Jose Emilio Flores appeals his 292-month sentence, which was imposed after he pled guilty, pursuant to a written agreement, to conspiracy to

distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. On appeal, Flores argues that when the district court sentenced him, it did not consider the factors in 18 U.S.C. § 3553(a) and as a result, effectively applied the Sentencing Guidelines in a mandatory, rather than advisory, fashion, in violation of United States v. Booker, 543 U.S. 220 (2005).[1]  After careful review, we affirm.

Because Flores failed to raise the instant argument in the district court, our review of his sentence is for plain error.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).[2]  To prevail under this standard, Flores must show "(1) error, (2) that is plain, and (3) that affects substantial rights."  Id. (internal quotations and citations omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation and citation omitted).

---

[1]  Although Flores's plea agreement contained a sentence-appeal waiver, the government indicates in its brief that it is not relying on the waiver.  See Gov't Brief at 2, n.2.  Because the government will not be prejudiced, we will consider the merits of Flores's claims.  See United States v. Bushert, 997 F.2d 1343, 1353-54 (11th Cir. 1993) (considering the merits of the defendant's claims, despite his appeal waiver, because doing so would not prejudice the government).

[2]  We reject the government's threshold argument that we lack jurisdiction to review Flores's challenge to the district court's consideration of the § 3553(a) sentencing factors, or the reasonableness of his sentence.  See United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (holding that "a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)").

2

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.), cert. denied, 126 S. Ct. 812 (2005). After the district court correctly calculates the advisory Guidelines range,[3] the court may impose a sentence that falls outside the Guidelines range, which we are obliged to review for reasonableness. Jordi, 418 F.3d at 1215. Our reasonableness analysis is guided by the factors enumerated in 18 U.S.C. § 3553(a). See United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005). And our "[r]eview for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.

The relevant facts are straightforward. On July 16, 2003, Flores was charged with conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846 (Count 1); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 18

---

[3]Flores does not challenge the district court's calculation of the Guidelines range.

3

U.S.C. § 2 (Count 2). In a written plea agreement, Flores agreed to enter a guilty plea on Count 1 and the government agreed to dismiss Count 2.

According to the Presentence Investigation Report ("PSI"), on May 29 and 30, 2003, a confidential informant (CI) made several controlled telephone calls to Flores, during which arrangements were made for the CI to purchase methamphetamine from Flores in Hillsborough County, Florida. Flores recruited his half-brother, Omar Pulido, to drive him from Atlanta, Georgia to the meeting place in Hillsborough County. On May 30th, Flores and Pulido drove from Atlanta to Sun City, Florida. The following day, law enforcement officers found Flores in a hotel room in Sun City, Florida. The officers knocked on the hotel room door, and Flores, who answered the door, gave the officers consent to search the hotel room and the car in which Flores and Pulido were traveling. The search revealed a substance later identified as methamphetamine, with a net weight of 2,834 grams and an actual weight of 1,792.5 grams.

The PSI calculated Flores's base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1), based on the actual weight of methamphetamine. After a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, Flores's adjusted offense level was 35. The PSI found that Flores was a career offender, but, because the offense level as calculated under Chapter 4 was less than the

4

offense level already calculated, career-offender status did not change Flores's offense level. With a criminal history category of VI, Flores's Guidelines range was 292 to 365 months' imprisonment. Flores filed no objections to the PSI.

At sentencing, Flores objected only to the PSI's failure to award him a minor-role reduction, which the district court overruled, noting that Flores had instigated the recruitment of another and must accept responsibility for it. The district court then adopted the PSI's calculations, but indicated that it intended to sentence Flores at the low end of the Guidelines range. In support of mitigation, Flores first argued that he should get a sentence below the advisory Guidelines range or, alternatively, a low-end sentence, because he was "not a big time trafficker." The district court responded: "You have had contact with drugs in the past, Mr. Flores, and it's gotten you in trouble before and because of your past criminal history that's why you're scoring so high."

In imposing the 292-month sentence, the district court said: "After considering the advisory sentencing guidelines and all of the factors identified in [18 U.S.C. § 3553(a),] the Court finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." Flores indicated that he had no further objections. This appeal followed.

After Booker, a district court, in determining a reasonable sentence, is required to take into account the advisory Guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a). See Booker, 543 U.S. at 259-60. "The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). Although the district court must consider § 3553(a)'s factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a)factors." Id. at 1329. Instead, the district court's acknowledgment that "it had considered [the defendant's] arguments at sentencing and that it had considered the factors set forth in § 3553(a) . . . alone is sufficient in post-Booker sentences." Id. at 1330.

Flores argues that the following circumstances supported a less severe sentence and a downward adjustment from the advisory Guidelines range, rather than the bottom-end sentence he got: his background, education, employment and family history, personal development, minor role in the offense, and minimal

6

criminal history. We are unpersuaded. At the sentencing hearing, the district court explicitly stated that it had considered "the advisory sentencing guidelines and all of the factors identified in Title 18 United States Code Section 3553(a)(1) through (7)," and that Flores's 292-month sentence was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing." Moreover, during the sentencing hearing, the district court mentioned Flores's history and characteristics and the nature and circumstances of the offense, including that Flores was not a minor participant and had a long history of involvement with drugs. The district court also expressly rejected Flores's suggestion that he was not a "big time trafficker." Simply put, we discern no Booker error, let alone plain Booker error, in the district court's imposition of sentence. Accordingly, we affirm Flores's sentence.

**AFFIRMED.**